IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 10-18075 |
| MT. ZION LIMITED PARTNERSHIP, ) | Chapter 11 |
| a Kentucky Limited Partnership, ) | Judge Hollis |
| ) | |
| Debtor/Debtor-in-Possession. ) | |

**NOTICE OF MOTION**

TO:   ATTACHED SERVICE LIST:

PLEASE TAKE NOTICE that on the 31st day of May 2012 at 10:00 a.m. or as soon thereafter as counsel can be heard, I shall appear before the Honorable Pamela S. Hollis, Bankruptcy Judge, in the room usually occupied by her as courtroom 644 in the United States Bankruptcy Court in the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, or before any other Judge who may be sitting in her place and stead and shall present the Motion for Allowance of Final Compensation And Reimbursement of Postage Expenses to Debtor's Accountants, a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith.

AT WHICH TIME and place you may appear if you so see fit.

/s/David K. Welch
Crane, Heyman, Simon, Welch & Clar
l35 S. LaSalle St., Suite 3705
Chicago, Illinois 60603
(3l2) 64l-6777

**CERTIFICATE OF SERVICE**

STATE OF ILLINOIS )
                 )
COUNTY OF COOK   )

The undersigned, being first duly sworn on oath deposes and states that a copy of the foregoing Notice and Motion was caused to be served via First Class Mail properly addressed and postage prepaid to all parties with an asterisk (*) on the 4th day of May 2012 and a copy of the Notice regarding the fee hearing was served upon all parties on the attached service list, on the 4th day of May, 2012.

/s/David K. Welch

## SERVICE LIST

United States Trustee*
Dirksen Federal Building
219 South Dearborn Street
Suite 873
Chicago, IL 60604

Ronald Barliant, Esq.*
Sarah J. Risken, Esq.
Goldberg Kohn Ltd.
55 East Monroe St., Suite 3300
Chicago, IL 60603

Steve Jakubowski*
The Coleman Law Firm
77 W. Wacker Drive, Suite 4800
Chicago, IL 60601

Mt. Zion Limited Partnership*
a Kentucky Limited Partnership
c/o North Street Properties
100 North Field Drive
Suite 110
Lake Forest, IL 60045

ABCO Carpet Cleaning
PO Box 23834
Lexington, KY 40523

ADT Security Systems
PO Box 371967
Pittsburgh, PA 15250-7967

Apartment Finder
PO Box 402168
Atlanta, GA 30384-2168

Apartments.com
2563 Collection Center Dr.
Chicago, IL 60693

Assurance Agency, Ltd.
PO Box 66056
Chicago, IL 60666-0056

Assurant Health
PO Box 790076
Saint Louis, MO 63179-0076

Cintas Corporation #312
100 Westhampton Dr.
Lexington, KY 40511

Cort Furniture Rental
4904 Century Plaza Rd.
Indianapolis, IN 46254

Ellis Painting
527 Pinoak Drive
Nicholasville, KY 40356

Fayette County Attorney
Attn: Dianne McKenna
110 West Vine St., 2nd Fl.
Lexington, KY 40507

For Rent Magazine
75 Remittance Dr., #1705
Chicago, IL 60675-1705

GMAC
P.O. Box 9001948
Louisville, KY 40290-1948

GMAC
6716 Grade Lane, Building 9
Suite 910
Louisville, KY 40213-3416

Greater Lexington Apartment Assn.
210 Malabu Dr., Ste. 215
Lexington, KY 40502

Hassan Reda
3170 Mapleleaf Dr., #1411
Lexington, KY 40509

HD Supply Facillities
PO Box 509058
San Diego, CA 92150-9058

IKON Office Solutions
PO Box802815
Chicago, IL 60680-2815

Illustratus
10983 Granada Lane
Leawood, KS 66211

Kentucky American Water
PO Box 371880
Pittsburgh, PA 15250-7880

Lexington Coffee & Tea, Inc.
2571 Regency Rd.
Lexington, KY 40503

LexisNexis Screening Solutions
PO Box 730694
Dallas, TX 75373-0694

Louisville Apartment Association
7400 South Park Place, Suite 1
Louisville, KY 40222

Lowes Commercial Services
PO Box 530954
Atlanta, GA 30353-0954

National Apartment Association
PO Box 75219
Baltimore, MD 21275-5219

Office Depot, Inc.
PO Box 88040
Chicago, IL 60680-1040

Okolona Pest Control, Inc.
PO Box 19201
Louisville, KY 40259-0201

One Zero Charlie Marketing
5112 Greenwood Rd.
Greenwood, IL

PNC Bank
One North Franklin Street
21st Floor
Chicago, IL 60606

Poage Engineers & Assoc., Inc.
446 East High St.
Lexington, KY 40507

Raynor Door Authority of Lexington
1033 Rushwood Court
Lexington, KY 40511

Rent.Com/Payment Center
Department 1987
Los Angeles, CA 90084-1987

Rite Rug Company, Inc.
c/o Fifth Third Bank
PO Box 634478
Cincinnati, OH 45263-4478

Scheller's Fitness and Cycling
1987 Harrodsburg Rd.
Lexington, KY 40503

Sherrow Sutherland & Associates PSC
200 Southland Dr.
Lexington, KY 40503-1949

Sherwin Williams Store 1223
1183 D. Brock McVey Dr.
Lexington, KY 40509-4118

Sherwin Williams Store 1261
2909 Richmond Rd. #90
Lexington, KY 40509

Star Building Materials, Inc.
8319 Dixie Highway
Florence, KY 41042

Stephen Marshall
Sherrow, Sutherland and Associates
200 Southland Dr.
Lexington, KY 40503

Thoroughbred Gates & Security
15057 Violet Rd.
Crittenden, KY 41030

William E. Huml & Co., Ltd.
1870 West Winchester Rd., Ste. 245
Libertyville, IL 60048

Wilmar Industries, Inc.
PO Box 404284
Atlanta, GA 30384-4284

Windstream
PO Box 9001908
Louisville, KY 40290-1908

Windstream Entertainment
PO Box 2273
Omaha, NE 68103-2273

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                                )
                                                      )    Case No. 10-18075
MT. ZION LIMITED PARTNERSHIP,                         )    Chapter 11
a Kentucky Limited Partnership,                       )    Judge Hollis
                                                      )
      Debtor/Debtor-in-Possession.              )

### NOTICE OF HEARING ON MOTION FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF POSTAGE EXPENSES TO DEBTOR'S ACCOUNTANT

**TO ALL CREDITORS AND PARTIES IN INTEREST:**

      PLEASE TAKE NOTICE that Mt. Zion Limted Partnership, a Kentucky Limited Partnership, Debtor herein, has filed a Motion For Allowance of Final Compensation and Reimbursement of Postage Expenses for Huml & Associates, Co., Ltd., (the "Huml Motion"), requesting the sum of $45,911.22 for accounting services rendered and expenses incurred to the Debtor for the period commencing September 1, 2010 through and including March 20, 2012.

      PLEASE TAKE FURTHER NOTICE that any person objecting to the Huml Motion, is directed to file their objection(s) in writing with the Clerk of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois 60604, on or before the hour of 4:30 p.m., on the **29th day of May, 2012**, with a copy of said objection(s) to be simultaneously served upon David K. Welch, Crane, Heyman, Simon, Welch & Clar, 135 South LaSalle, Suite 3705, Chicago, Illinois 60603.

      PLEASE TAKE FURTHER NOTICE that a hearing on the Huml Motion, together with objections timely filed, if any, will be held before the Honorable Pamela S. Hollis, Bankruptcy Judge, Courtroom No. 644, 219 South Dearborn Street, Chicago, Illinois, on the **31st day of May, 2012**, at the hour of **10:00 a.m.**, at which time and place you may appear if you so see fit.

DATED: May 4, 2012

**DEBTOR'S COUNSEL**:
David K. Welch, Esq. (Atty. No. 06183621)
Scott R. Clar, Esq. (Atty. No. 06183741)
Eugene Crane, Esq. (Atty. No. 0537039)
CRANE, HEYMAN, SIMON, WELCH & CLAR
135 S. LaSalle St., Suite 3705
Chicago, IL 60603
W:\GRACE\Mt. Zion\fee.Accountant.notice.No.2.wpd

1

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: )
) Case No. 10-18075
MT. ZION LIMITED PARTNERSHIP, ) Chapter 11
a Kentucky Limited Partnership, ) Judge Hollis
)
Debtor/Debtor-in-Possession. )

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION

Name of Applicant: <u>Huml Associates Co., Ltd., Debtor's Accountants</u>

Authorized to Provide
Professional Services to: <u>Debtor</u>

Date of Order
Authorizing Employment:   <u>June 15, 2010</u> (Retroactive to 4/23/10)

Period for Which Compensation
is Sought:   From: <u>September 1, 2010</u> through <u>March 20, 2012</u>

Amount of Fees Sought: <u>$45,911.22</u>

Amount of Postage Expense
Reimbursement Sought:  <u>$681.72</u>

This is a(n):  Interim Application ___     Final Application <u>X</u>
If this is not the first Application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed |
|---|---|---|---|
| 11/2/10 | 4/23/10-8/31/10 | $19,464.50 | $19,154.60 |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses herein is: $<u>19,154.60</u> (retainer) to be credited against interim allowance.

Date: <u>May 4, 2012</u>            Applicant:      <u>Huml & Associates Co., Ltd.</u>


                                         By: <u>/s/David K. Welch</u>
                                              Debtors' Counsel

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 10-18075 |
| MT. ZION LIMITED PARTNERSHIP, ) | Chapter 11 |
| a Kentucky Limited Partnership, ) | Judge Hollis |
| ) | |
| Debtor/Debtor-in-Possession. ) | |

**MOTION FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT
OF POSTAGE EXPENSES TO DEBTOR'S ACCOUNTANTS**

MT. ZION LIMITED PARTNERSHIP, a Kentucky Limited Partnership, Debtor herein, by and through its Attorneys, makes its Motion pursuant to Section 330 of the Bankruptcy Code for Allowance of Final Compensation and Reimbursement of Postage Expenses to William E. Huml and the firm of William E. Huml & Co., Ltd., ("Huml"), Debtor's Accountants; and in support thereof, states as follows:

**Introduction**

1. On April 23, 2010, the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code ("Petition Date").

2. The Debtor operated its business and managed its financial affairs as Debtor-in-Possession through confirmation of its Second Amended Plan of Reorganization ("Plan"). No trustee, examiner or committee of unsecured creditors was appointed to serve in this Chapter 11 case.

3. By this Motion, the Debtor requests an allowance of final compensation in the aggregate amount of $45,911.22 to Huml for accounting services rendered and postage expenses incurred to the Debtor during the period September 1, 2010 through

1

March 20, 2012. A summary of the accounting services rendered during the relevant period is attached to this Motion as **Exhibit A**.

4. Huml received a retainer in the amount of $10,000.00 which was credited against its prior interim allowance made by this Court in the amount of $19,154.60 ("Interim Allowance"). The Debtor also requests that the Interim Allowance be approved by this Court under Section 330 of the Bankruptcy Code.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334. This matter is a "core" proceeding within th meaning of 28 U.S.C. Section 157(b)(2)(A) and (O).

6. The statutory predicates for the relief requested in this Motion are Section 330 of the Bankruptcy Code and Rules 2002(a) and 2016(a) of the Federal Rules of Bankruptcy Procedure.

**Relevant Factual Background**

7. The Debtor is the owner of the "Woodspring Apartments" ("Property") in Florence, Kentucky. The Property, acquired by the Debtor in January 2008 for $28,000,000.00, is comprised of 433 residential rental apartment units located in 18 buildings spread over 27.6 acres. In addition, the Property has a clubhouse and 17 garage buildings. The Debtor has expended in excess of $4,000,000.00 for capital improvements to the Property in addition to regular maintenance. Prior to the Petition Date, a fire occurred at the Property which effectively destroyed one building housing 24 apartment units. The Debtor has received a partial insurance recovery of in excess of $1,350,000.00 for this loss.

8.   Occupancy at the Property as of the Petition Date was approximately 63.5% and has increased to approximately 85% currently.

9.   PNC Bank ("Bank")[1] is the Debtor's primary secured creditor that is asserting senior liens on the Property as well as against the rents generated at the Property.

10.  On or about August 23, 2010, the Bank filed a claim in this Chapter 11 case in an amount not less than $29,825,110.17.

11.  The Bank opposed the Debtor on virtually every significant issue in this Chapter 11 case and took action to impede a successful reorganization by the Debtor.[2] The Bank filed multiple objections to the Debtor's use of cash collateral, opposed the payment of fees to the management company retained by the Debtor, objected to necessary capital expenditures for the Property, filed a Motion to Appoint a Chapter 11 Trustee, sought to vacate an Interim Cash Collateral Order that it had consented to days earlier, objected to the Plan within days of it having been filed by the Debtor and acquired several small claims of certain unsecured creditors for the sole purpose of preventing confirmation of the Plan.

12.  On August 3, 2010, the Debtor filed the Plan and, on August 6, 2010, filed its supporting Disclosure Statement. Thereafter, the Debtor filed its First Amended

---

[1] The Bank is the successor by merger to National City Bank and by virtue of such merger is, on information and belief, the holder of the note and mortgage on the Property which were originally entered into between the Debtor and National City Bank.

[2] Colts Run, LLC filed a related Chapter 11 case on April 23, 2010, which pends before this Court under case number 10-18071 ("Colts Run Case"). The Bank conducted itself in the same manner in the Colts Run Case.

3

Plan of Reorganization and on March 29, 2011 the Debtor filed its Second Amended Plan of Reorganization (which is also referred to as the "Plan" in this Motion). The Plan provides for the payment of 100% of all creditors' claims plus interest. As to the Bank, the Plan provides that the Bank's claim is fully secured and will be paid in the same manner as required by the underlying loan documents with a balloon payment of all remaining amounts due to the Bank.

13. On September 7, 2010, the Bank cast its ballots rejecting the Plan. Specifically, the Bank filed a ballot rejecting the Plan as a Class 1 secured creditor holding a secured claim in the amount of $22,400,000.00 and a second ballot rejecting the Plan as a Class 5 unsecured creditor in the amount of $7,425,110.17 (despite the fact that the Plan provides that the entire indebtedness due to the Bank is fully secured under the Plan and despite the fact that the value of the Property is in excess of the amount of the Bank's indebtedness).

14. As of the close of the balloting on the Plan, only the Bank had cast ballots rejecting the Plan. All other voting creditors have voted in favor of the Plan.

15. After lengthy litigation, the Bank and the Debtor settled all disputes amount them which resulted in confirmation of the Plan on March 20, 2012.

**Fees and Expenses of Huml**

16. On June 15, 2010, this Court entered an Order authorizing the Debtor to retain Huml as its Accountants retroactive to April 23, 2010, with compensation subject to the prior approval of this Court.

17. Huml's representation of the Debtor has primarily related to general administrative and tax issues and the Debtor's continued use of cash collateral.

Specifically, Huml has provided ongoing tax advice to the Debtor and prepared extensive cash flow projections relating to the Debtor's use of cash collateral and drafted weekly variance reports required by the Bank and the Cash Collateral Orders entered by this Court. Huml has also assisted the Debtor in preparing for contested cash collateral hearings with the Bank.

18. Huml has itemized its time entries in the categories of general administration (Category A) and accounting services relating to the use of cash collateral and reporting (Category B). Attached to this Motion as **Exhibits B** and **C** are the separate itemizations of the services rendered by Huml during the relevant period for each of these categories.[3] The hourly rates charged by Huml range from $70.00 per hour to $225.00 per hour. The total hours expended by Huml during the relevant period were 340.70 hours.

19. The accounting services rendered by Huml have been essential to the business operations of the Debtor as well as to the Debtor's compliance with the Cash Collateral Orders entered by this Court and confirmation of the Plan. Furthermore, these accounting services have facilitated the Debtor's reorganization efforts in this Chapter 11 case.

20. The only expenses for which reimbursement is sought is $681.72 for postage expenses.

**Conclusion**

---

[3] Accounting services relating to general administration and tax advice are itemized on Exhibit B. Accounting services relating to the use of cash collateral and related reporting are itemized on Exhibit C.

5

21. Other than as provided in Section 504(b) of the Bankruptcy Code, Huml has not shared, nor agreed to share, any compensation as a result of this case with any person, firm or entity. The sole and exclusive source of compensation shall be funds of the Debtor.

22. The final compensation sought in this Motion is reasonable compensation for the actual and necessary accounting services rendered based upon the time, nature, extent and value of such professional services. The cost of the accounting services rendered for and on behalf of the Debtor is comparable to the cost of similar services in matters other than under the Bankruptcy Code.

23. The Final compensation requested is fair, reasonable and warranted under the circumstances.

WHEREFORE, MT. ZION LIMITED PARTNERSHIP, a Kentucky Limited Partnership, Debtor herein, requests for the entry of an Order allowing final compensation and reimbursement of postage expenses to William E. Huml and the William E. Huml & Co., in the aggregate amount of $45,911.22 approving the Interim Allowance under Section 330 of Bankruptcy Code and granting such other relief as may be just and appropriate.

        Respectfully submitted,

        MT. ZION LIMITED PARTNERSHIP, a Kentucky limited partnership, Debtor and Debtor-in-Possession herein,

        By: /s/ David K. Welch
              One of its Attorneys

**DEBTOR'S COUNSEL**:
David K. Welch, Esq. (Atty. No. 06183621)
Scott R. Clar, Esq. (Atty. No. 06183741)
Eugene Crane, Esq. (Atty. No. 0537039)
CRANE, HEYMAN, SIMON, WELCH & CLAR
135 S. LaSalle St., Suite 3705
Chicago, IL 60603
W:\GRACE\Mt. Zion\Interim Comp of Expenses to Debtors Accountant.Mot.Final.wpd