IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                      )
                                            )   Case No. 10-18075
MT. ZION LIMITED PARTNERSHIP,               )   Chapter 11
a Kentucky Limited Partnership,             )   Judge Hollis
                                            )
            Debtor.                         )

## NOTICE OF MOTION

TO:    ATTACHED SERVICE LIST:

PLEASE TAKE NOTICE that on the 19th day of July 2012 at 10:30 a.m. or as soon thereafter as counsel can be heard, I shall appear before the Honorable Pamela S. Hollis, Bankruptcy Judge, in the room usually occupied by her as courtroom 644 in the United States Bankruptcy Court in the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, or before any other Judge who may be sitting in her place and stead and shall present the Motion for Allowance of Final Compensation and Reimbursement of Expenses to Debtor's Counsel, a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith.

AT WHICH TIME and place you may appear if you so see fit.

/s/David K. Welch_____
Crane, Heyman, Simon, Welch & Clar
l35 S. LaSalle St., Suite 3705
Chicago, Illinois 60603
(3l2) 64l-6777

## CERTIFICATE OF SERVICE

STATE OF ILLINOIS   )
                    )
COUNTY OF COOK      )

The undersigned, being first duly sworn on oath deposes and states that a copy of the foregoing Notice and Motion was caused to be served via First Class Mail properly addressed and postage prepaid to all parties with an asterisk (*) on June 28, 2012 and a copy of the Notice regarding the fee hearing was served upon all parties on the attached service list, on the 28th day of June, 2012.

/s/David K. Welch_____

# SERVICE LIST

United States Trustee*
Dirksen Federal Building
219 South Dearborn Street
Suite 873
Chicago, IL 60604

Ronald Barliant, Esq.*
Sarah J. Risken, Esq.
Goldberg Kohn Ltd.
55 East Monroe St., Suite 3300
Chicago, IL 60603

Steve Jakubowski*
The Coleman Law Firm
77 W. Wacker Drive, Suite 4800
Chicago, IL 60601

Mt. Zion Limited Partnership*
Attn: Ivan Djurin
c/o North Street Properties
100 N. Field Drive, Suite 110
Lake Forest, IL 60045

Access Audio & Video Inc.
2589 Longbranch Rd
Union, KY 41091

Adams, Nathan
10048 Irish Way
Union, KY 41091

Anthem BCBS KY Group
PO Box 105124
Atlanta, GA 30348-5124

Apartment Guide
PO Box 402039
Atlanta, GA 30384

Apartments.com
2563 Collection Center Drive
Chicago, IL 60693

Assurance Agency, Ltd.
PO Box 66056
Chicago, IL 60666-0056

Blue Moon Software, Inc.
PO Box 684926
Austin, TX 78768-4926

Boone County Clerk
2950 East Washington St.
Burlington, KY 41005

Bzak Landscaping Inc.
931 Round Bottom Rd
Milford, OH 45150

Com Doc Inc.
PO Box 1573
Akron, OH 44309

D-B Enterprises
6301 Crystal Springs Road
Crystal Lake, IL 60012

David Donnett Attorney At Law
1212 Sycamore Street
Suite 36
Cincinnati, OH 45202

For Rent Magazine
75 Remittance Dr., #1705
Chicago, IL 60675-1705

Graham's Glass & Gazing, Inc.
5084 Waterloo Road
Burlington, KY 41005

HD Supply Facillities
PO Box 509058
San Diego, CA 92150-9058

Hitachi
21925 Network Place
Chicago, IL 60673-1219

Jolly Plumbing
11 Beacon Drive
Newport, KY 41076

Jones Fish Hatcheries, Inc.
3433 Chruch Street
Cincinnati, OH 45244

LexisNexis Screening Solutions
PO Box 730694
Dallas, TX 75373-0694

Louisville Apartment Association
7400 South Park Place, Suite 1
Louisville, KY 40222

Lowes Commercial Services
PO Box 530954
Atlanta, GA 30353-0954

Miami Products & Chemical Co.
PO Box 486
Dayton, OH 45401

Mt. Zion of Kentucky, LLC
6170 First Financial Drive
Suite 301
Burlington, KY 41005

National Apartment Association
PO Box 75219
Baltimore, MD 21275-5219

Office Depot, Inc.
PO Box 88040
Chicago, IL 60680-1040

Olimpia Commercial Cleaning
82 Edgwood Road
Edgwood, KY 41017

Pest Guard Exterminating
71 Cavalier Blvd., #132
Florence, KY 41042

PNC Bank
successor to National City Bank
55 E. Monroe St., Ste 3300
Chicago, IL 60603

Rite Rug Company, Inc.
c/o Fifth Third Bank
PO Box 634478
Cincinnati, OH 45263-4478

S.W.H. Supply Company, Inc.
242 East Main Street
Louisville, KY 40202

Shehan Pool Supplies
10031 Dixie Highway
Florence, KY 41042

Sherwin Williams Store 1056
6834 Dixie Highway
Florence, KY 41042-2005

Shirden's Carpet Cleaning
Services, Inc.
PO Box 39
Hebron, KY 41048

Silco Fire Protection Company
10765 Madallion Drive
Cincinnati, OH 45241

Unlimited Gutters and Spouts
3462 Visalia Road
Florence, KY 41063

William E. Huml & Co., Ltd.
1870 W. Winchester Rd.
Suite 245
Libertyville, IL 60048

Wilmar Industries, Inc.
PO Box 404284
Atlanta, GA 30384-4284

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                     )
                                           )   Case No. 10-18075
MT. ZION LIMITED PARTNERSHIP,              )   Chapter 11
a Kentucky Limited Partnership,            )   Judge Hollis
                                           )
        Debtor.                            )

### NOTICE OF HEARING ON MOTION FOR ALLOWANCE OF FINAL
### COMPENSATION AND REIMBURSEMENT OF EXPENSES TO DEBTOR'S COUNSEL

**TO ALL CREDITORS AND PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that on **June 28, 2012**, Crane, Heyman, Simon, Welch & Clar, counsel for the Debtor, filed a Motion for Allowance of Final Compensation and Reimbursement of Expenses (the "CHSWC Motion"), requesting the sum of $132,750.50 for legal services rendered to the Debtor for the period commencing October 1, 2010 through and including March 20, 2012, plus costs advanced for the same period in the sum of $1,719.56.

PLEASE TAKE FURTHER NOTICE that any person objecting to the CHSWC Motion, is directed to file their objection(s) in writing with the Clerk of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois 60604, on or before the hour of 4:30 p.m., on the **17th day of July, 2012**, with a copy of said objection(s) to be simultaneously served upon David K. Welch, Crane, Heyman, Simon, Welch & Clar, 135 South LaSalle, Suite 3705, Chicago, Illinois 60603.

PLEASE TAKE FURTHER NOTICE that a hearing on the CHSWC Motion, together with objections timely filed, if any, will be held before the Honorable Pamela S. Hollis, Bankruptcy Judge, Courtroom No. 644, 219 South Dearborn Street, Chicago, Illinois, on the **19th day of July, 2010**, at the hour of **10:30 a.m.**, at which time and place you may appear if you **so** see fit.

DATED: June 28, 2012

**DEBTOR'S COUNSEL**:
David K. Welch, Esq.
(Atty. No. 06183621)
Arthur G. Simon, Esq.
(Atty. No. 03124481)
Scott R. Clar, Esq.
(Atty. No. 06183741)
Jeffrey C. Dan, Esq.
(Atty. No. 06242750)
CRANE, HEYMAN, SIMON, WELCH & CLAR
135 S. LaSalle St., Suite 3705
Chicago, IL 60603
W:\GRACE\Mt. Zion\fee.CHSWC.notice.Final.wpd

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Case No. 10-18075 |
| MT. ZION LIMITED PARTNERSHIP, | ) Chapter 11 |
| a Kentucky Limited Partnership, | ) Judge Hollis |
| | ) |
| Debtor. | ) |

## COVER SHEET FOR APPLICATION FOR
## PROFESSIONAL COMPENSATION

Name of Applicant: CRANE, HEYMAN, SIMON, WELCH & CLAR, Debtors' Counsel

Authorized to Provide
Professional Services to: Debtor

Date of Order
Authorizing Employment:   May 27, 2010   (Retroactive to April 23, 2010)

Period for Which Compensation
is Sought:   From: October 1, 2010   through March 20, 2012

Amount of Fees Sought: $132,750.50

Amount of Expense
Reimbursement Sought: $1,719.56

This is a(n): Interim Application __   Final Application  X
If this is not the first Application filed herein by this professional, disclose as to all prior
fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed |
|---|---|---|---|
| 3/15/11 | 4/16/10-9/30/10 | $94,904.83 | $94,904.83 |

The aggregate amount of fees and expenses paid to the Applicant to date for services
rendered and expenses herein is: $94,904.83

David K. Welch and the firm

Date: June 28, 2012

Applicant: Crane, Heyman, Simon, Welch & Clar

By: /s/David K. Welch
Debtors' Counsel

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) **Case** No. 10-18075 |
| MT. ZION LIMITED PARTNERSHIP, | ) Chapter 11 |
| a Kentucky Limited Partnership, | ) Judge Hollis |
| | ) |
| Debtor. | ) |

### MOTION FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES TO DEBTOR'S COUNSEL

David K. Welch and the law firm of Crane, Heyman, Simon, Welch & Clar ("CHSWC"), Counsel to Mt. Zion Limited Partnership, a Kentucky Limited Partnership, Debtor herein, make their Motion pursuant to Section 330 of the Bankruptcy Code for Allowance of Final Compensation and Reimbursement of Expenses for legal services rendered and expenses incurred during the period October 1, 2010, through March 20, 2012; and in support thereof, state as follows:

#### Introduction

1.      On April 23, 2010, the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code ("Petition Date").

2.      The Debtor operated its business and managed its financial affairs as Debtor-in-Possession through confirmation of its Second Amended Plan of Reorganization ("Plan"). No trustee, examiner or committee of unsecured creditors has been appointed to serve in this reorganization case.

-1-

3.      On May 27, 2010, this Court entered an Order authorizing the Debtor to retain CHSWC as its Counsel in this Chapter 11 case retroactive to April 23, 2010, with compensation subject to the further Order of this Court.

4.      By this Motion, CHSWC requests an allowance of final compensation and reimbursement of expenses in the amounts of $132,750.50 and $1,719.56, respectively, for legal services rendered to the Debtor during the period October 1, 2012, through March 20, 2012.  Itemizations of the legal services rendered and expenses incurred during the relevant period are attached to this Motion as **Exhibits A and B**, respectively.

5.      CHSWC has received one prior allowances of interim compensation and expenses in this Chapter 11 case in the aggregate amount of $94,904.83 ("Interim Allowance").  The pre-petition retainer of $50,000.00 received by CHSWC was applied by CHSWC to the Interim Allowance. Furthermore, the balance of the prior Interim Allowance was paid by the Debtor. CHSWC also requests that this Court approve the Interim Allowance under Section 330 of the Bankruptcy Code.

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334.  This matter is a "core" proceeding within th meaning of 28 U.S.C. Section 157(b)(2)(A) and (O).

7.      The statutory predicates for the relief requested in this Motion are Section 330 of the Bankruptcy Code, Rules 2002(a) and 2016(a) of the Federal Rules of Bankruptcy Procedure and Local Rule 5082-1.

-2-

## Relevant Factual Background

8.     The Debtor is the owner of the "Woodspring Apartments" ("Property") in
Florence, Kentucky.  The Property, acquired by the Debtor in January 2008 for
$28,000,000.00, is comprised of 433 residential rental apartment units located in 18
buildings spread over 27.6 acres.  In addition, the Property has a clubhouse and 17
garage buildings.  The Debtor has expended in excess of $4,000,000.00 for capital
improvements to the Property  in addition to regular maintenance. Prior to the Petition
Date, a fire occurred at the Property which effectively destroyed one building housing
24 apartment units.  The Debtor has received a partial insurance recovery of in excess
of $1,350,000.00 for this loss.

9.     Occupancy at the Property as of the Petition Date was approximately
63.5% and has increased to approximately 85% currently.

10.    PNC Bank National ("Bank")[1] is the Debtor's primary secured creditor that
is asserting senior liens on the Property as well as against the rents generated at the
Property.

11.    On or about August 23, 2010, the Bank filed a claim in this Chapter 11
case in an amount not less than $29,825,110.17.  On the face of the claim, the Bank
asserted that the value of the secured claim (and thus the value of the Property in the
opinion of the Bank) was not less than $22,400,000.00.

_____

[1]The Bank is the successor by merger to National City Bank and by virtue of such
merger is, on information and belief, the holder of the note and mortgage on the Property which
were originally entered into between the Debtor and National City Bank.

12.    The Debtor asserted that the value of the Property as of the Petition Date
was $28,234,103.00. Importantly, due to, among other things, increased occupancy at
the Property, the value of the Property has not declined during the course of this
Chapter 11 case.

13.    The Debtor filed a formal objection to the allowance of the claim filed
by the Bank in this Chapter 11 case ("Claim Objection").

14.    Since the filing of this Chapter 11 case and pursuant to several Interim
Cash Collateral Orders, the Debtor has made monthly contract interest payments to the
Bank for the period May 24, 2010, through the present. The Bank's secured interests in
and to the Property are adequately protected within the meaning of Sections 361, 362
and 363 of the Bankruptcy Code throughout this Chapter 11 case.

15.    On August 3, 2010, the Debtor filed the Plan and, on August 6, 2010, filed
its supporting Disclosure Statement.  Thereafter, the Debtor filed its First Amended
Plan of Reorganization and Second Amended Plan of Reorganization (which is also
referred to as the "Plan" in this Motion). The Plan provides for the payment of 100% of
all creditors' claims plus interest. As to the Bank, the Plan provides that the Bank's
claim is fully secured and will be paid in the same manner as required by the underlying
loan documents with a balloon payment of all remaining amounts due to the Bank on
the fifth anniversary of confirmation of the Plan.

16.    Until the settlement with the Bank at the conclusion of this Chapter 11

-4-

case, the Bank opposed the Debtor on virtually every significant issue in this Chapter

11 case and took action to impede a successful reorganization by the Debtor.[2]  The

Bank filed multiple objections to the Debtor's use of cash collateral, opposed the

payment of fees to the management company retained by the Debtor, objected to

necessary capital expenditures for the Property, filed a Motion to Appoint a Chapter 11

Trustee, sought to vacate an Interim Cash Collateral Order that it had consented to

days earlier, objected to the Plan within days of it having been filed by the Debtor and

acquired several small claims of certain unsecured creditors for the sole purpose of

preventing confirmation of the Plan.

17.    This Court conducted an evidentiary hearing with respect to the value of

the Property and ruled that the value of the Property, as of December 9, 2010, was

$28,100,000.00 ("Valuation Ruling").

18.    After the Valuation Ruling, the Debtor and the Bank continued to prepare

to litigate the several disputed issues relating to confirmation of the Plan. These issues

included feasibility, the appropriate interest rate and other mortgage terms relating to

repayment of the Bank's claim, valuation, the allowed amount of the Bank's claim and

Plan balloting issues.

19.    Shortly before the commencement of a contested confirmation hearing,

the Bank and the Debtor entered into settlement negotiations that culminated in a

complex restructuring of the Bank's mortgage indebtedness which was incorporated

---

[2]Colts Run, LLC filed a related Chapter 11 case on April 23, 2010, which pends before
this Court under case number 10-18071 ("Colts Run Case").  The Bank conducted itself in the
same manner in the Colts Run Case.

-5-

into the Plan.  This restructuring was also embodied in post-confirmation loan
documents that were negotiated by the parties.

20.    Finally, on March 20, 2012, this Court entered an Order modifying and
confirming the Plan. The Plan has been "substantially consummated" within the
meaning of Section 1101(2) of the Bankruptcy Code.  Once this Court decides this
Motion, a final decree can be entered closing this Chapter 11 case.

**Interim Compensation
and Expenses Requested**

21.    CHSWC is a law firm whose practice is almost exclusively concentrated in
the fields of bankruptcy, reorganization and insolvency.  CHSWC is comprised of six (6)
members and one (1) associate, some of whom have participated in representing the
Debtor in this bankruptcy case.

22.    The following is biographical information pertaining to those attorneys who
have been primarily involved in the representation of the Debtor.  Other attorneys at
CHSWC have also participated to a lesser extent in this Chapter 11 case.  Each such
attorney has significant experience and expertise in bankruptcy, reorganization and
litigation matters.

23.    DAVID K. WELCH is a member of the law firm and has been practicing
law in the State of Illinois since 1982.  His practice has always been primarily
concentrated in the fields of bankruptcy, insolvency and debtor's and creditor's rights.
He has represented debtors, trustees, creditors' committees, secured creditors,
unsecured creditors and equity holders.  From October, 1979, through June, 1982, he

-6-

served as Deputy Chapter 13 Trustee in the Northern District of Illinois under Craig
Phelps, Chapter 13 Trustee. He has authored manuscripts for the Illinois Institute of
Continuing Legal Education on matters involving bankruptcy and insolvency. He has
lectured at seminars relating to bankruptcy issues at the Chicago Bar Association. He
has served as a member of the Bankruptcy Mediation Panel Sub-Committee of the
Chicago Bar Association. Furthermore, in conjunction with his financial mediation and
negotiation training, he has completed a course sponsored by the National Institute for
Trial Advocacy in conjunction with Northwestern University. He is a member of the
Federal Trial Bar and is admitted to practice before the United States Courts of Appeals
for the Seventh and Third Circuits, and before the United States District Courts for the
Northern and Central Districts of Illinois, the Northern District of Indiana and the Eastern
District of Wisconsin. He is a member of several other bar associations and legal
organizations. He was formerly a member of the Standing Committee of the Illinois
State Bar Association on Liaison with the Attorney Registration and Disciplinary
Commission. Mr. Welch is the former Chairman of the Chicago Bar Association
Committee on Bankruptcy and Reorganization, is a former member of the Advisory
Board of the American Bankruptcy Institute, and is the former Vice Chair of the
Bankruptcy Court Liaison Committee.

    24.    ARTHUR G. SIMON is a member of the law firm of Crane, Heyman,
Simon, Welch & Clar, and has been practicing law since 1979 when he graduated from
the Loyola University of Chicago, School of Law. Mr. Simon has been admitted to
practice law in the state courts of Illinois, in the United States Court of Appeals for the
Seventh Circuit, and in the United States District Courts for the Northern and Central

-7-

Districts of Illinois, the Eastern District of Wisconsin and the Northern District of Indiana.
He is a member of the Federal Trial Bar.

Beginning in 1981, he became engaged almost exclusively in the practice of
bankruptcy and insolvency litigation and has represented virtually every type of party in
such matters, including Chapter 7 and Chapter 11 debtors, secured creditors, landlords,
trustees, and creditors' committees.  His activities have included membership in the
Chicago Bar Association Committee on Bankruptcy and Reorganization.  He has
served as the Editor of the Advance Sheets provided by said Committee.  In that
capacity, he reported the rulings and opinions of the Bankruptcy Judges in the Northern
District of Illinois to the Bankruptcy Committee members of the Chicago Bar
Association.  He served for several years on the Commercial, Banking and Bankruptcy
Section Council of the Illinois State Bar Association for whom he has published several
articles, and also served on the General Assembly of that Association.

25.    SCOTT R. CLAR is a member of the law firm and has been a practicing
attorney in the State of Illinois since 1982.  From January, 1985, through September,
1986, he was employed as a staff attorney with the United States Trustee's Office in the
Northern District of Illinois, where he administered over 200 Chapter 11 cases, as well
as supervised Chapter 7 panel trustees.  From September, 1986, through December,
1987, he was employed by the law firm of Adelman & Gettleman, Ltd., where he
continued to practice  in the areas of bankruptcy and insolvency related matters.  In
January, 1988, he became associated with Crane, Heyman, Simon, Welch & Clar.  His
practice is concentrated in the field of bankruptcy, having represented Chapter 7 and
Chapter 11 debtors, trustees, unsecured creditors' committees and various creditors.

-8-

Mr. Clar has been a panel member and a moderator for several bar association-
sponsored bankruptcy seminars. He is a member of the Federal Trial Bar, and is
admitted to practice in the United States District Courts for the Northern and Central
Districts of Illinois and the Eastern District of Wisconsin. He is the former Chairman of
the Chicago Bar Association Committee on Bankruptcy and Reorganization.

26. JEFFREY C. DAN is a member of CHSWC and has been practicing law in
the State of Illinois since 1997. He graduated from DePaul University School of Law.
He has practiced as a trial attorney in a number of areas of the law including personal
injury, domestic relations, criminal law and commercial litigation. Mr. Dan joined the
firm in September of 2002 and has been actively involved in all aspects of bankruptcy
and bankruptcy litigation as well as State Court litigation that arises in insolvency
matters. He has served as a member of the Illinois State Bar Association, Commercial
Banking and Bankruptcy Law Section Council. Mr. Dan is a member of the Federal
Trial Bar and is admitted to practice before the United States Court of Appeals for the
Seventh Circuit and the United States Court of Appeals for the Third Circuit. He is also
admitted to practice before the United States District Courts for the Northern District of
Illinois, Northern District of Indiana, Central District of Illinois and Eastern District of
Wisconsin.

27. The hourly rates usually charged by CHSWC in matters of this nature are

-9-

as follows:

| Attorney | Hourly Rates |
|---|---|
| Eugene Crane (EC)[3] | $490.00 |
| Glenn R. Heyman (GRH) | $490.00 |
| Arthur G. Simon (AGS) | $470.00 |
| David K. Welch (DKW) | $470.00 |
| Scott R. Clar (SRC) | $470.00 |
| Jeffrey C. Dan (JCD) | $395.00 |
| John H. Redfield (JHR) | $370.00 |

28.    The following is a chart that depicts the total hours that each attorney at

CHSWC expended in representing the Debtor during the relevant period:

| Attorney | Hours | Amount |
|---|---|---|
| Arthur G. Simon | 12.20 | $   5,734.00 |
| David K. Welch | 264.20 | $123,422.00 |
| Jeffrey C. Dan | 9.10 | $   3,594.50 |
| **Total** | **285.50** | **$132,750.50** |

29.    During the course of the representation of the Debtor during the relevant

period, CHSWC incurred expenses of $1,719.56.  These expenses are itemized on

**Exhibit B** to this Motion.

**Legal Services Rendered to the Debtor**

30.    The representation of the Debtor is categorized in this Motion as follows:

A.    **General Administration**
The matters in this category include assisting the Debtor
with the general administration of this bankruptcy case and
the Debtor's business operations and financial affairs, filing
routine motions and filing professionals' fee applications and
retention motions.  Also included in this category are legal
services related to and assisting the Debtor with its  monthly

---

[3] These are the abbreviations utilized in the Exhibits to this Motion.

operating reports and responding to general creditor inquiries.

| **Total Time Expended** | | **18.90   hours** |
|---|---|---|
| Attorney | Hours | Amount |
| David K. Welch | 18.90 | $8,883.00 |
| **TOTAL** | **18.90** | **$8,883.00** |

Attached to this Motion **as Exhibit C** is an itemization of the legal services rendered in this category.

B)   **PNC Bank Claim**

PNC is the holder of the single largest claim in this Chapter 11 case and it has the senior mortgage lien against the Property.  The Debtor filed an objection to the Bank's claim, which objection was resolved in conjunction with confirmation of the Plan.

| **Total Time Expended** | | **22.70   hours** |
|---|---|---|
| Attorney | Hours | Amount |
| Arthur G. Simon | 2.50 | $1,175.00 |
| David K. Welch | 0.50 | $     0.00 |
| David K. Welch | 19.70 | $9,259.00 |
| **TOTAL** | **22.70** | **$10,434.00** |

Attached to this Motion **as Exhibit D** is an itemization of the legal services rendered in this category.

C)   **Cash Collateral**

The continued use of cash collateral by the Debtor has been opposed at various junctures by the Bank.  The Debtor had to prepare for contested cash collateral hearings which at the last moment, were resolved consensually with the Bank.  A hearing was actually held with respect to the payment of legitimate management fees from cash collateral.  At the conclusion of this hearing, this Court authorized the payment of management

-11-

fees from cash collateral. The continued use of cash collateral
Was uninterrupted during this Chapter 11 case.

**Total Time Expended**                    **44.10   hours**

| Attorney | Hours | Amount |
|----------|-------|--------|
| Arthur G. Simon | 3.80 | $ 1,786.00 |
| David K. Welch | 0.10 | $      0.00 |
| David K. Welch | 39.70 | $18,659.00 |
| Jeffrey C. Dan | 0.50 | $   197.50 |
| **TOTAL** | **44.10** | **$20,642.50** |

Attached to this Motion **as Exhibit E** is an itemization of the legal services rendered in
this category.

D)   **Chapter 11 Exit Strategy**

The Debtor has swiftly filed a Plan and Disclosure Statement
in this Chapter 11 case.  The Plan provided for the payment of
<u>all</u> creditors' claims (including the Bank's allowed claim) in full
<u>with</u> <u>interest</u>.  Incredibly, the Bank objected to this Plan
despite being paid in full with interest.  This Court, after hearing
oral arguments, made certain preliminary rulings on the Plan.
Eventually, the Debtor and the Bank were able to settle the disputes
between them.  This settlement was embodied in the Plan and
post-confirmation loan documents.  The Plan was confirmed by
this Court on March 20, 2012.

**Total Time Expended**                    **64.70   hours**

| Attorney | Hours | Amount |
|----------|-------|--------|
| Arthur G. Simon | 3.70 | $ 1,739.00 |
| David K. Welch | 0.70 | $      0.00 |
| David K. Welch | 57.40 | $26,978.00 |
| Jeffrey C. Dan | 2.90 | $ 1,145.50 |
| **TOTAL** | **64.70** | **$29,862.50** |

Attached to this Motion **as Exhibit F** is an itemization of the legal services rendered in
this category.

-12-

E)   **Property Issues**

CHSWC has assisted and advised the Debtor with respect
to certain general real estate mattes involving the Property.
These issues include matters relating to leasing, real estate taxes,
insurance, property maintenance and landlord/tenant.

**Total Time Expended**                          **2.80     hours**

| Attorney | Hours | Amount |
|---|---|---|
| David K. Welch | 2.70 | $1,269.00 |
| Jeffrey C. Dan | 0.10 | $   39.50 |
| **TOTAL** | **2.80** | **$1,308.50** |

Attached to this Motion **as Exhibit G** is an itemization of the legal services rendered in
this category.

F)   **Settlement With PNC**

Rather than proceed to a contested hearing on confirmation
of the Plan, the Debtor and the Bank were able to negotiate
a settlement of the multiple issues in dispute.  This settlement
resulted in a consensual confirmation hearing.  The terms and
conditions of this settlement are embodied in the Order entered
by this Court confirming the Plan and the extensive post-confirmation
loan documents agreed to by the Bank and the Debtor.

**Total Time Expended**                          **37.50     hours**

| Attorney | Hours | Amount |
|---|---|---|
| Arthur G. Simon | 2.20 | $ 1,034.00 |
| David K. Welch | 0.10 | $      0.00 |
| David K. Welch | 35.20 | $16,544.00 |
| **TOTAL** | **37.50** | **$17,578.00** |

Attached to this Motion **as Exhibit H** is an itemization of the legal services rendered in
this category.

-13-

G)   **Valuation Hearing**

In December 2010, an evidentiary hearing was conducted
in this Court to establish the value of the Property.  After this
hearing and after the extensive briefing by the Bank and the
Debtor, this Court entered an Order in March 2011 setting the
value of the Property as of December 9, 2010, at $28,100,00.00.

| **Total Time Expended** | | **94.80    hours** |
|---|---|---|
| Attorney | Hours | Amount |
| David K. Welch | 0.20 | $      0.00 |
| David K. Welch | 89.00 | $41,830.00 |
| Jeffrey C. Dan | 5.60 | $ 2,212.00 |
| **TOTAL** | **94.80** | **$44,042.00** |

Attached to this Motion as **Exhibit I** is an itemization of the legal services rendered in
this category.

**Conclusion**

31.   Other than as provided in Section 504(b) of the Bankruptcy Code,

CHSWC  has not shared, nor agreed to share, any compensation received as a result

of this case with any person, firm or entity.  The sole and exclusive source of

compensation shall be funds of the Debtor.

32.   CHSWC asserts that the compensation requested in this Motion is

reasonable compensation for the actual and necessary legal services rendered based

upon the time, nature, extent and value of such professional services.  CHSWC further

asserts that the cost of legal services rendered for and on behalf of the Debtor is

comparable to the cost of similar services in matters other than under the Bankruptcy

Code.

-14-

33.     CHSWC asserts that the expenses for which reimbursement is sought in this Motion are reasonable and were actual and necessary expenditures required in the representation of the Debtor.

34.     CHSWC submits that the compensation and expenses requested are fair, reasonable and warranted under the circumstances.

35.     CHSWC also requests that this Court approve the Interim Allowance under Section 330 of the Bankruptcy Code.

WHEREFORE, DAVID K. WELCH and the law firm of CRANE, HEYMAN, SIMON, WELCH & CLAR, Debtor's Counsel, pray for the entry of an Order allowing final compensation and reimbursement of expenses in the amounts of $132,750.50 and $1,719.56, respectively; allowing the Interim Allowance under Section 330 of the Bankruptcy Code; and granting such other relief as may be just and appropriate.

Respectfully Submitted,

DAVID K. WELCH, and the law firm of
CRANE, HEYMAN, SIMON, WELCH & CLAR

By:___/s/David K. Welch_____

**DEBTOR'S COUNSEL**:
David K. Welch, Esq. (Atty. No. 06183621)
Arthur G. Simon, Esq. (Atty. No. 03124481)
Scott R. Clar, Esq.(Atty. No. 06183741)
Jeffrey C. Dan, Esq. (Atty. No. 06242750)
CRANE, HEYMAN, SIMON, WELCH & CLAR
135 S. LaSalle St., Suite 3705
Chicago, IL 60603
W:\GRACE\Mt. Zion\Pay CHSWC.Final.mot.wpd

-15-